956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joy Jimmy NEAL, Petitioner-Appellant,
v.
A.F. BEELER, and Attorney General of Oklahoma, Respondents-Appellees.
 No. 91-7104.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Neal appeals the dismissal of his habeas petition.
 
 
 3
 Mr. Neal is a federal prison inmate serving time for a violation of federal law. Mr. Neal filed a pro se habeas petition challenging a state court conviction. The two named defendants are the warden of the federal prison where Mr. Neal is currently confined and the Attorney General of Oklahoma, which is the state wherein the challenged conviction occurred.
 
 
 4
 We grant Mr. Neal permission to proceed in forma pauperis.
 
 
 5
 The district court, reasoning that the federal warden could not be reached under 28 U.S.C. § 2254 and that Oklahoma's Attorney General was not a proper party as: (1) Oklahoma does not have jurisdiction over Mr. Neal; and (2) Mr. Neal has no state sentence to be served in the future, dismissed this petition without prejudice.
 
 
 6
 Mr. Neal appeals pro se asserting the merits of his pro se complaint, i.e., he was found incompetent to stand trial in state court, and the prosecutor and the state trial court reneged on their agreement not to prosecute Mr. Neal once he was restored to sanity. He correctly argues the district court failed to address these allegations. However, Mr. Neal fails to understand his habeas petition was dismissed because he sued the wrong people. A judge cannot decide a case unless the proper parties have been named as defendants.
 
 
 7
 Mr. Neal commenced this action under 28 U.S.C. § 2254, which provides a remedy for a person in custody pursuant to a state court conviction. Mr. Neal was paroled from state custody on March 1, 1990. Nothing in the record indicates Mr. Neal must serve additional time on the Oklahoma charge. As Mr. Neal is not in state custody and as there is nothing in the record that would suggest he must in the future serve any state time, the Oklahoma Attorney General is not a proper party. Rule 2--Rules Section 2254 cases. As Mr. Neal is not challenging his federal conviction, the federal warden is not a proper party.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3